# IN THE COURT OF APPEALS OF IOWA

No. 15-1938
Filed February 10, 2016

**IN THE INTEREST OF M.H.,**
**Minor Child,**

**R.O., Father,**
**Appellant,**

**W.H., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

A father and mother appeal the district court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Douglas E. Cook of Cook Law Office, Jewell, for appellant father.

Derek J. Johnson of Johnson & Bonzer, P.L.C., Ford Dodge, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Sarah J. Livingston of Bennett, Crimmins & Livingston, Fort Dodge, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

A father and mother separately appeal the district court's order terminating their parental rights asserting they should be allowed an additional six months to work towards reunification and it is not in the child's best interests to have their parental rights terminated. With virtually no progress made by either parent during the year since the child was removed from their care, we agree with the district court additional time would not prove beneficial and termination is in the child's best interests. We affirm on both appeals.

### I. Background Facts & Proceedings

The father and mother are not married, but they reside together and are the parents of M.H., who was born in October 2014. Both parents have a long history of substance abuse and mental health problems. The mother admitted to using methamphetamine during her pregnancy, although M.H. did not test positive for any illegal substance at his birth. While at the hospital, neither parent exhibited even minimal knowledge of childcare, and when nurses showed them how to change diapers and feed the child, the parents did not retain the information. The child did not go home with the parents but was placed in foster care directly from the hospital when he was five days old.

The child was adjudicated to be in need of assistance pursuant to Iowa Code sections 232.2(6)(c)(2) and (n) (2013). The court noted, "Both parents continue to struggle providing basic needs to the child during visits." The parents were inconsistent in attending supervised visitation and they did not attend the child's medical appointments. Both parents tested positive for methamphetamine in December 2014 and February 2015.

On July 15, 2015, the State filed a petition seeking termination of the parents' rights. The parents continued to miss visits with M.H. They saw M.H. only four times from July through October 2015 and missed more than one-half of all visits offered to them. Although the parents attended substance abuse treatment programs, the mother was unsuccessfully discharged due to noncompliance with the program. The father was successfully discharged from a treatment program but relapsed almost immediately. Further, both parents testified they used methamphetamine together in October, less than three weeks prior to the termination hearing.

After a hearing the district court terminated the parents' rights under section 232.116(1)(h) and (*l*) (2015). The court found termination was in M.H.'s best interests, stating, "Neither parent is in a position to care for the child. Neither parent is able to provide the most basic and fundamental care for the child, such as feeding, changing and holding him. The child is not bonded to the parents." The court also denied the parents' request for additional time to work on reunification. The court stated, "There is nothing in the extended history of this case that allows the Court to conclude that there is a reasonable likelihood that real change will occur that will eliminate the need for removal over the next six months." The father and mother have each appealed the order terminating their parental rights.

## II.      Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa

2006).  Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence.  *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002).  The paramount concern in termination proceedings is the best interests of the child.  *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III.    Best Interests

The parents do not dispute the existence of a statutory ground for termination.[1]  However, they claim termination of their parental rights is not in M.H.'s best interests.  They point out that they have limited experience taking care of a young child and assert that additional time will improve their performance.  They ask for more time for substance abuse treatment and to address their mental health problems.  The father and mother claim that with appropriate time and training they can learn appropriate parenting skills and maintain sobriety.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).  In order to continue a child's placement in foster care for an additional six months under section 232.104(2)(b), "the statute requires the court to make a

---

[1]   Although the parents raise the issues of the child's best interests and a request for additional time as separate issues, the arguments on these issues are intertwined, and therefore, we will address the issues together.  Also, although the father and mother each filed a petition on appeal, the petitions are nearly identical, and we will address the two petitions simultaneously.

determination the need for removal will no longer exist at the end of the extension." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005).

In considering a child's best interests we look to the child's long-range as well as immediate interests. *In re T.P.*, 757 N.W.2d 267, 269 (Iowa Ct. App. 2008). We look at a parent's past performance "because it may indicate the quality of care the parent is capable of providing in the future." *Id.* at 269-70. In considering whether an extension of time is warranted, we have previously stated:

> How long a child is forced to be out of the home waiting for a responsible parent to emerge is determined by our Iowa legislature. *See generally* Iowa Code § 232.116. With those time frames in mind, we have recognized that at some point, the rights and needs of the children rise above the rights and needs of the parent.

*In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). "A parent does not have an unlimited amount of time to correct his or her deficiencies." *In re H.L.B.R.*, 567 N.W.2d 675, 677 (Iowa Ct. App. 1997).

We conclude termination of the parental rights of the father and mother is in M.H.'s best interests. The testimony of the parents' case worker with the Iowa Department of Human Services (DHS) and their care coordinator with Families First Counseling Services was that although given the necessary services, neither parent had not been able to improve his or her parenting skills, and M.H. could not be safely returned to their care. Even during the most recent visits with the child, both parents needed prompting to tend to the child's basic needs such as feeding, changing, and soothing. These are basic caregiving skills both parents have been repeatedly schooled in yet have failed to make any noticeable progress. As such, visits continued to be fully supervised. The case worker and

care coordinator both testified it would not be safe to return M.H. to the parents even if given an additional six months. Based on their history, which included numerous relapses into drug use, it was unlikely the parents would make any sustained improvements within that time period. As the DHS case worker testified, neither parent is capable to meet this young child's physical or emotional needs and neither is bonded with the child. We agree with the district court; termination is in the best interests of this child.

We affirm the decision of the district court.

**AFFIRMED ON BOTH APPEALS.**